Leonard R. Berman
9220 SW Barbur Blvd., Suite 119 Box 180
Portland, OR 97219
(503) 516-3715
OSB # 96040
Easyrabbi@yahoo.com
ATTORNEY FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

_____

| | |
|---|---|
| TYLER BURNARD, : | |
| MICHAEL BRITZIUS, : | |
|     Plaintiffs, : | |
| : | Case No.: 6-25-364 |
| : | |
| v. : | |
| : | |
| : | COMPLAINT |
| : | |
| : | ( 42 U.S.C. § 1983) |
| : | |
| OREGON STATE HOSPITAL, : | |
| OREGON HEALTH AUTHORITY, : | |
| JERID LEE LISHER WEINBERG, : | |
| Personally, : | |
| JOHN/JANE DOE 1-5, Personally, : | |
| DELORES MATTEUCCI, Personally, : | |
|     Defendants. | |

**I. INTRODUCTION**

1. Plaintiffs Tyler Burnard, Michael Britziuss bring this action  against

COMPLAINT 1

Oregon State Hospital (hereafter, "OSH"), Delores Matteucci, OSH Superintendent, Oregon Health Authority (OHA) for failure to protect Michael Brits and Tyler Burnard from sexual abuse and intimidation from counselor Jerid Lee Lisher Weinerg (hereafter Lisher) in early 2023.

## II. JURISDICTION AND VENUE

2 This action arises under the First and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

3. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b)(2) because a substantial part of the events complained of occurred in this District, and because the Defendants reside in this District.

## III. PARTIES

4. Plaintiff Burnard, is a current and Britzius a former, patient at OSH in Salem, Marion County.

5. Delores Matteucci, OSH Superintendent, John/Jane Doe 1 of 5 was the OHA Director are or were employed by and agents of the State of Oregon and the OSH. They are responsible for the safety and security of OSH patients. Mr. Lisher was a staff OSH counselor. Each of the acts and omissions of persons alleged herein were taken under color of state law and within the scope of their official duties as employees and officers of the State of Oregon.

6. On May 31, 2023, a tort claim issued on behalf of Mr. Burnard and Mr. Britzius.

COMPLAINT 2

## IV. FACTUAL ALLEGATIONS

7.  Lisher was grooming Burnard and Britzius for months culminating in incidents on February 28 and on March 5, 2023. Lisher had been actively grooming Michael Britzius and Tyler Burnard into a potential sexual encounter/relationship either while at OSH or upon their discharge. He has attempted to remove staff from the unit in which they have great rapport, shared detailed personal information and OSH social dynamics about himself and his co-worker on many occasions and asked to keep it "between you and me."

8.  He has been successful in removing said staff, He shared extremely sexually explicit information about himself and his husband (who also works at OSH). Information he shared with Tyler Burnard and Michael Britzius about previous patients suggesting he has victimized past patients of OSH.  The allegations comport with statutory abuse definitions.

9. On, or about, February 28th or March 1st, 2023 at approximately 830PM PST in the East TV room on Bird 3, Michael Britzius and Burnard were watching television and Lisher came in to check on them. Burnard asked Lisher "How was your vacation?". Jared spent the next 30 to 40 minutes explaining everything that occurred in Mexico in great detail discussing gay sex and illegal drug purchases, secreting and smuggling.

10. On, or about, March 5th, 2023 at approximately 1:30 PM PST in the IDT room of Bird 3, Burnard completed a video chat with his child. Lisher, MHT2, was the staff

COMPLAINT 3

responsible for setting up the video chat for the day. Once finished, he and Burnard remained in the room and spoke about common interests. Lisher detailed his interest in being a gay porn star.

11. On or about August 15, 2023, after filing grievances against Lisher, Mr. Burnard peaceably walked and passed by Lisher in the hallway. Lisher wrote up a false report alleging Burnard had threatened Lisher and that he took a combative posture, all refuted by witnesses as false.

12. As a result of this intimidating, sexual, unwanted communications and information from Lisher, Plaintiffs suffered extreme emotional distress.

13. The definition of verbal abuse (ORS 430.735 (15) "Verbal abuse" means to threaten significant physical or emotional harm to an adult through the use of: (a) Derogatory or inappropriate names, insults, verbal assaults, profanity or ridicule; or (b) Harassment, coercion, threats, intimidation, humiliation, mental cruelty or inappropriate sexual comments. "Sexual abuse" means: (B) Sexual harassment, sexual exploitation or inappropriate exposure to sexually explicit material or language;)

**V. CLAIMS**

**A. Intentional Infliction of Emotional Distress**

COMPLAINT 4

14, Lisher's inappropriate behavior, and grooming overtures and sexually explicit dialogue were unwelcome and caused plaintiffs severe emotional distress.

### B. SEXUAL ABUSE

15, Lisher's inappropriate behavior, and grooming overtures and sexually explicit dialogue were unwelcome and caused plaintiffs severe emotional distress and per the Oregon Revised Statues constituted Sexual Abuse and Harassment.

### C. RETALIATION

16. On or about August 15, 2023, after filing grievances against Lisher, Mr. Burnard peaceably walked and passed by Lisher in the hallway. Lisher wrote up a false report alleging Burnard threatened Lisher and that he took a combative posture, all refuted by witnesses as false.This conduct constitued retaliation.  After Lisher was ordered to keep away from plaintiff, other staff would malign and take adverse action against both plaintiffs. This was further retaliation.

### D. Failure to Protect from Harm

17. Based on information and belief, numerous prior patient and staff complaints put John Doe 1, OHA Director, and Matteucci, OSH director on notice to reprimand, train, discipline or fire Lisher before harm accrued to plaintiffs.

COMPLAINT 5

**E. NEGLIGENCE**

18. Both the OSH and OHA were negligent in the following ways:

1. Their hiring of Fisher

2. Their supervision and training of Lisher;

3. Their failure to reprimand, counsel, and/or terminate the employment of Lisher.

**F. DEFAMATION**

19. When, on or about August 15, 2023, after filing grievances against Lisher, Mr. Burnard peaceably walked and passed by Lisher in the hallway. Lisher wrote up a false report alleging Burnard threatened Lisher and that he took a combative posture, all refuted by witnesses as false. These lies were repeated to staff and patients. This conduct constituted defamation.

**G. EQUAL PROTECTION VIOLATION**

(Section 1983 – Fourteenth Amendment Violation – Unreasonable Conduct and/or Conduct Which Is Arbitrary, Deliberately Indifferent and/or Shocks the Conscience)

20. As described above, Lisher's conduct violated plaintiffs' Fourteenth Amendment rights because his conduct was unreasonable and/or arbitrary, deliberately indifferent and here, shocking to the conscience.

21. As a result of the above, plaintiffs are entitled to damages, costs and fees.

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs request relief as follows:

A. A preliminary injunction and a permanent injunction preventing Defendant Lisher from having any contact with plaintiffs.

C. An award of nominal, compensatory, and punitive damages for each violation of its First Amendment rights to free speech and expression in an amount to be proved at trial.

D. An award of nominal, compensatory, and punitive damages for each violation of its Fourteenth Amendment rights to due process in an amount to be proved at trial.

E. A trial by jury on damages.

F. Costs, including reasonable attorney's fees, under 42 U.S.C. § 1988, and under other applicable law.

G. Pre-judgment and post-judgment interest.

H. The right to conform the pleadings to the proof and evidence presented at trial.

DEMAND FOR JURY TRIAL

DATED this 28th day of February, 2025.

Respectfully Submitted,
S//S Leonard R. Berman
Leonard Berman
OSB #96040
Attorney for Plaintiffs

COMPLAINT 7