IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TYLER BURNARD, MICHAEL BRITZIUS,

        Plaintiffs,

        v.

OREGON STATE HOSPITAL, et al.,

        Defendants.
_____

No. 6:25-cv-00364-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiffs bring this 28 U.S.C. § 1983 action alleging that Defendants failed to protect Plaintiffs as patients of the Oregon State Hospital ("OSH"). Plaintiff brings a Fourteenth Amendment claim against Oregon State Hospital, Oregon Health Authority, Jerid Lee Lisher Weinberg, and Delores Matteucci.[1] Matteucci is the Superintended of the OSH. Weinerg is a counselor at OSH.

    Plaintiffs allege that Lisher groomed them for months. Lisher "shared extremely sexually explicit information about himself and his husband[.]" Compl. ¶ 7. In early 2023, one Plaintiff asked Lisher "How was your vacation?" Lisher "spent the next 30 to 40 minutes explaining everything that occurred in Mexico in great detail discussing gay sex and illegal drug purchases, secreting and smuggling." *Id.* ¶ 9. A few days later, Lisher told that Plaintiff about "his interest in being a gay porn star." *Id.* ¶ 10. "As a result of this intimidating, sexual, unwanted

---

[1] Plaintiffs also bring several claims under Oregon law.

1 – OPINION AND ORDER

communications and information from Lisher, Plaintiffs suffered extreme emotional distress." *Id.* ¶ 12. Defendants move to dismiss Plaintiffs' Fourteenth Amendment claim for failure to protect.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendants argue that Plaintiffs' Fourteenth Amendment claims necessarily fail because communications of a sexually explicit nature, absent any physical touching or contact, do not rise to the level of a constitutional violation. Plaintiffs agree that the claim "do[es] not meet the federal standard such as the verbal sexual abuse absent physical contact." Resp. ¶ 14. Plaintiffs, however, seek leave to amend. Plaintiffs' entire argument, filed nearly one month after the time to respond had passed, consists of:

> A. Plaintiffs request leave to amend the Intentional Infliction of emotional distress language to read in accordance with the pleading standard as follows:
>
> "The verbal sexual abuse was undertaken for the purpose of inflicting severe emotional distress."
>
> B. Plaintiffs maintain that the verbal sexual abuse conduct alone qualifies as "shocking the conscious" [sic] under the Fourteenth Amendment, and seek confirmation on this point from the Court, to save this federal claim."

Resp. ¶ 2.

Plaintiffs provide no caselaw in support of their argument that verbal conduct alone, even of a sexually explicit nature, qualifies as a constitutional violation.[2] Regardless, the caselaw indicates that amendment here would be futile. As the Ninth Circuit clarified:

> Most cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment. Under the Fourteenth Amendment's substantive due process prong, we use the 'shocks the conscience test.' The threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.

*Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1162 (9th Cir. 2020) (cleaned up) (internal citations, quotations, and footnote omitted).

Although Plaintiffs, as patients of OSH could qualify as vulnerable individuals, the Court was unable to find any case, from any circuit, finding that verbal communications, absent at least some physical contact, qualified as a constitutional violation. As noted, Plaintiffs did not point to any case which would lend weight to their novel theory.

Vazquez, a female inmate in juvenile hall, alleged a guard attempted to groom her by using sexual comments. Importantly, the guard there "touched her face and shoulders without her consent." *Id.* The guard also watched Vasquez as she showered on multiple occasions, told Vazquez he had a sexual dream involving her and told Vazquez "to get close to him, like, to the point where he had opened his knees and she was right in the middle of him, and he told her that he wanted his dream to come true." *Id.* at 1158 (cleaned up).

---

[2] Plaintiffs also do not bother responding to Defendants' argument that they are entitled to Eleventh Amendment immunity from Plaintiff's state claims.

3 – OPINION AND ORDER

Even assuming that Lisher intended to cause Plaintiffs emotional distress, Plaintiffs allegations are a far cry from conduct the Ninth Circuit has concluded rises to a Fourteenth Amendment violation. The allegations, at best, establish that Lisher's verbal comments made them quite uncomfortable. While the Court certainly does not condone the comments, the comments on their own do not rise to a constitutional claim for failure to protect. Additionally, as Plaintiffs apparently concede, no prior caselaw exists that would have put Defendants on notice that sexually explicit comments, on their own, would subject them to liability under the Fourteenth Amendment. For that reason, assuming Plaintiffs somehow stated a claim, Defendants would still be entitled to qualified immunity. *See Kisela v. Hughes*, 584 U.S. 100, 104 (2018) ("Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") (internal citation omitted).

For those reasons, Plaintiff's Fourteenth Amendment claims are DISMISSED, with prejudice. At this early stage, the Court declines to exercise supplemental jurisdiction and Plaintiffs' state claims are DISMISSED, without prejudice.[3] 28 U.S.C. 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (district court's decision on whether to exercise supplemental jurisdiction over state claim is "purely discretionary").

## CONCLUSION

Defendants' Motions to Dismiss, ECF No. 12 and 13, are GRANTED. Plaintiff's Fourteenth Amendment claims are DISMISSED, with prejudice. Plaintiffs' state claims are DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this 3rd day of October, 2025.

_____/s/ Michael McShane_____
**Michael J. McShane**
**United States District Judge**

---

[3] As noted, Plaintiffs did not address Defendants' arguments that Eleventh Amendment immunity bars Plaintiffs from bringing their state claims in this federal forum.